## McKee *v.* Travelers' Ins. Co. *et al.*

*(Circuit Court, N. D. Florida. December 31, 1889.)*

Mechanics' Liens—Priority—Injunction—Pleading.

A bill to enjoin the enforcement of a judgment which became a lien on land a few days after the making of the contract under which complainant erected a building, filed a lien, and purchased the property on a suit to enforce the same, is demurrable, where it does not specify the dates of commencing work under such contract, and of furnishing the labor and materials.

In Equity. Bill for injunction.

*H. Bisbee,* for complainant.

*Foster & Gunby*, for defendant insurance company. ·

PARDEE, J.   Complainant brings a bill against the Rocky Mountain News Printing Company, a Colorado corporation, the Travelers' Insurance Company, a Connecticut corporation, J. F. Welborne, and William Bird, United States marshal for the northern district of Florida.   He alleges that on the 15th day of December, 1887, he entered into a written contract with J. F. Welborne, of Orange county, Fla., to erect a building on a certain lot in said county, under which contract he covenanted and agreed to furnish all the labor and materials of every nature and kind to complete said building.   That thereupon, in the month of December, aforesaid, he commenced work and labor upon the said building on the said lot, and commenced to furnish the materials for the said building, and to construct the same; and he alleges that he completed the building in the latter part of February or first part of March, 1888. He further alleges that upon the completion of the said building the said J. F. Welborne was indebted to him for work and labor, and the materials furnished in the construction of the building, and the work thereon, in the sum of $2,100; and on the 8th day of March, 1888, he filed his lien for the said sum of money in the office of the clerk of the circuit court of Orange county, in accordance with the laws of the state of Florida, providing for liens for laborers, mechanics, and material-men.   That afterwards, in the month of April, he commenced a suit against the said J. F. Welborne in the circuit court for the county of Orange, to enforce his said lien upon the said building, and the lot on which it was located. Afterwards, such proceedings were had in the said suit that complainant recovered a judgment against the said Welborne in the said action for the sum of $2,200, for which, on May 29, 1888, an execution issued from the said court in Orange county, in favor of complainant against the said Welborne, under which said execution the said lot of land and building, so as aforesaid built by the complainant, was sold by the sheriff, and at the sale complainant became the purchaser, being the highest bidder therefor, and the said property was duly conveyed to complainant by the sheriff of said county, by proper deed of conveyance.   Complainant further alleges that on the 7th day of June, 1886, the defendant the Rocky Mountain News Printing Company commenced an action at law against the said J. F. Welborne, in the circuit court of Orange county, in the state of Florida.   That the said suit was removed from the circuit court of Orange county to the circuit court of the United States for the northern district of Florida on the 7th day of March, 1887, and thereupon such further proceedings were had that the plaintiff in said last-mentioned suit, to-wit, the Rocky Mountain News Printing Company, recovered judgment against the said defendant on the 2d day of January, 1888, for the sum of $4,193.36, and costs of suit, taxed at $88.68.   Upon the 24th day of January, 1889, execution issued on said judgment.   That some time in December, 1888, or January, 1889, said Rocky Mountain News Printing Company assigned its said judgment against the said Welborne to the defendant the Travelers' Insurance

Company, and the latter duly became the owner of the said judgment, and entitled to control, and does control, the execution issued thereon; further, that, under the direction and instructions of the Travelers' Insurance Company and its attorneys, defendant William Bird, marshal of the said district, has levied upon and advertised for sale the said property. Complainant avers he had no actual knowledge of the recovery of the judgment in favor of the Rocky Mountain News Printing Company, and prays for injunction quieting title, etc.

To this bill the defendant the Travelers' Insurance Company has filed a general demurrer, and, under the Florida practice, has assigned as points to be argued, that the bill should contain all that is essential to the creation of a lien; the actual date of the commencement of the work should be set forth; the character of the work must be shown; and the date of its completion accurately set. The counsel for complainant in his brief claims that complainant's lien for labor and materials is not only upon the building erected, but upon the land on which it is erected, and is given by the general lien-law of Florida, (McClel. Dig. 721,) and by sections 4 and 17 of Act No. 67 of the legislature of Florida for 1887. Section 4 of the act of 1887, by some oversight on the part of the law-makers, grants no lien at all. It merely describes property, and is in the words and figures following;

"Section 4. Any person or persons who shall furnish any lumber, brick, stone, lime, paint, hardware, or other building material for the construction, repair, or use of any building, railroad, canal, telegraph, telephone, wharf, bridge, mill, distillery, or other manufactory, work, or structure, together with the owner's interest in the lot or lands whereon such building, work, or structure stands, to the extent of the value of the materials furnished, whether such materials were so furnished to the owners or their agents, or to contractors or subcontractors."

Section 17 of the same act only provides for the commencement of liens provided for in the act, and does not refer to liens created by or under the general lien-law. Under the general lien-law, (McClel. Dig. 721,) no specific time seems to be provided for the commencement of the lien. The lien of the defendant's judgment upon the property described in the bill takes effect from the rendition of the judgment, January 2, 1888,—but a few days after the time in which complainant alleges he made his contract with the owner and commenced work. The Exhibit A, filed with the bill as part thereof, shows that complainant made his first advance January 5, 1888, three days after defendants' lien attached. Under this state of the case it would seem that the complainant should set forth in his bill the actual dates at which he commenced, carried on, and finished work and labor, and the actual dates on which he furnished materials, in order that the court may determine if any lien resulted therefrom, and, if there did, the rank of such lien, in comparison with that of the defendant resulting from the judgment rendered in this court. In short, the complainant's bill does not appear to be sufficiently specific and certain, and for that reason the demurrer should be sustained. See Daniell, Ch. Pr. 369 *et seq.*